## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RANDY REID, and EDISON REPORT** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.:** |
| **ALFRED USZYNSKI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs file this Complaint for Damages and Demand for Jury Trial

against Defendant(s), respectfully show the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Randy Reid is an individual residing in Williamson County,

Tennessee and is the owner and operator of the EdisonReport, designing

lighting (dl) magazine , and several other reputable publications in the lighting

industry.

2.

Defendant Alfred Uszynski is an individual residing in Fulton County,

Georgia and is believed to operate or contribute to the publication "Inside

Lighting." Defendant may be served at 3324 Peachtree Rd NE, Unit 1205, ATLANTA, GA, 30326, USA.

3.

Jurisdiction and venue are proper in this Court as complete diversity exists and the amount in controversy exceeds $75,000.

**FACTUAL BACKGROUND**

4.

Plaintiff operates a widely read and respected industry website known as the EdisonReport as well as designing lighting (dl) magazine, which publishes news and commentary related to the lighting industry.

5.

Defendant authored and published one or more false and defamatory statements on Inside Lighting and/or other media platforms including the statement: "The figures were not just padded by 5-10%; EdisonReport's web traffic statistics were exaggerated to three times their actual size over 3½ years."

6.

The above statement is materially false. The inflated web traffic statistics were due to the unintended use of multiple plug-ins containing overlapping Google Analytics code, which caused overreporting of page

views by no more than a factor of 2.8—and only for a limited period of less than five months.

7.

Defendant's claim that Plaintiff exaggerated statistics over 3.5 years is demonstrably false and recklessly misleading.

8.

Defendant also published or caused to be published the false and damaging statement that: "ER plagiarized from 28 different media sources."

9.

Defendant's statement above is materially false. Upon learning that a single contributor copied content without attribution Plaintiff promptly removed the content and permanently banned the contributor.

10.

Defendant falsely claimed he sent 20 cease-and-desist letters to Plaintiff. Plaintiff denies receiving such a number of letters, and Defendant has not produced evidence of them.

11.

Defendant's statements were made with actual malice or, at minimum, with reckless disregard for the truth, intending to harm Plaintiff's professional reputation and business operations,

12.

All defamatory statements made by Defendant were made on a public platform.

13.

As a direct and proximate result of these false statements, Plaintiff has suffered reputational harm and diminution in the value of EdisonReport.

## COUNT I
## DEFAMATION

14.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 13 above as if fully set forth herein.

15.

Defendant made false and defamatory statements concerning Plaintiff in written form (libel), including but not limited to the statements outlined above.

4

16.

The statements were published without privilege or justification.

17.

The defamatory statements were made with actual malice or reckless disregard for the truth.

18.

Defendant's statements harmed Plaintiff in his profession and business, constituting defamation per se under Georgia law.

19.

As a result of Defendant's defamation, Plaintiff has sustained general damages for reputational harm and emotional distress, as well as special damages including lost value of his business and business opportunities.

20.

Pursuant to OCGA § 51-5-1, Defendant made false and malicious defamatory statements, expressed in print, writing, pictures, or signs, with the intent to injure the reputation of Plaintiff and exposing Plaintiff to public hatred, contempt, or ridicule

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

21.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 19 above as if fully set forth herein.

22.

Plaintiffs had valid business relationships and economic expectancies with advertisers, partners, and subscribers.

23.

Defendant knew of these relationships and intentionally acted to disrupt them by making false statements and disparaging Plaintiffs.

24.

Defendant's conduct was without justification or privilege and was undertaken with the intent to harm Plaintiffs.

25.

Pursuant to OCGA § 51-12-30, Defendant maliciously procured damages against Plaintiff.

26.

As a direct and proximate result, Plaintiffs suffered damages including lost business opportunities and injury to reputation.

## COUNT III
## VIOLATION OF THE GEORGIA
## FAIR BUSINESS PRACTICES ACT

27.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 above as if fully set forth herein.

28.

Defendant, in the course of trade and commerce, engaged in deceptive acts and practices by making false and misleading statements about Plaintiffs' goods, services, and/or business.

29.

These statements were intended to, and did, deceive members of the public and industry participants.

30.

Defendant's conduct constitutes an unfair or deceptive act or practice in violation of the Fair Business Practice Act.

31.

Plaintiffs are entitled to actual damages, treble damages for willful violations, and reasonable attorney's fees pursuant to O.C.G.A. § 10-1-399.

## COUNT IV
## VIOLATION OF THE FEDERAL
## FAIR BUSINESS PRACTICES /LANHAM ACT

32.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 29 above as if fully set forth herein.

33.

Defendant, in commercial advertising and promotion, made false or misleading representations of fact which misrepresented the nature, characteristics, and qualities of Plaintiffs' goods, services, business, and/or commercial activities.

34.

These false representations were made in interstate commerce and caused, or are likely to cause, confusion, mistake, or deception as to Plaintiffs' reputation and business offerings.

35.

Plaintiffs have suffered, and will continue to suffer, damages including loss of goodwill, diversion of sales, and harm to their reputation.

36.

Plaintiffs are entitled to injunctive relief, damages, disgorgement of Defendant's profits, treble damages for willfulness, and attorney's fees under 15 U.S.C. § 1117.

## DAMAGES

37.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 34 above as if fully set forth herein.

38.

Plaintiff is entitled to recover for the damages caused to Plaintiff's reputation, Plaintiff's business, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, exemplary, incidental, punitive, consequential, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, exemplary, economic, consequential, punitive, general, and all other damages supported by the evidence and permissible under Georgia law.

39.

Due to Defendant's defamatory statements and deceptive business practices, potential buyers of EdisonReport have backed out, causing significant financial harm to Plaintiff, in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(a) Award general and exemplary damages, in an amount to be determined at trial;

(b) Award Plaintiffs costs of litigation and reasonable attorneys' fees;

(c) Impanel a twelve person jury should this case proceed to trial

(c) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 14 day of August, 2025.

**3SUMMITS LAW**

521 SCENIC HWY                 */s/ Clayton Cain*
LAWRENCEVILLE, GA 30046        CLAYTON CAIN
678.377.2246                   Georgia Bar No. 961772
CLAYTON@3SUMMITSLAW.COM        *Attorney for Plaintiffs*